The People *ex rel.* Sherrer agt. Walsh.

----

## SUPREME COURT.

·THE PEOPLE *ex rel.* CLARA SHERRER agt. ANDREW WALSH, police justice.

*Abandonment — Certiorari the proper mode of review of decisions of magistrates in proceedings for abandonment — No appeal is given in such proceedings — Code of Criminal Procedure, section 899 — Facts which are not decisive of questions of abandonment.*

·*Certiorari* is the proper mode of review of the decision of a magistrate in a proceeding against a disorderly person for abandoning his wife, under section 899 of the Code of Criminal Procedure.

,Such a proceeding is not a criminal action as defined in that Code, and the justice before whom it is brought sits as a magistrate and not as a court of special sessions. No appeal is given in such proceedings.

On the hearing, the fact that the wife left the husband's domicile is not decisive of the question of abandonment, but the wife may show that she had reasonable cause to leave, and if it appears that it was unsafe for her to remain in the house with him because she was in imminent danger of suffering personal violence at his hands, her case is made out and it is therefore error on the part of the magistrate to exclude such testimony.

*Second Department, General Term, July,* 1884.

*Before* BARNARD, *P. J.,* DYKMAN *and* PRATT, *JJ.*

THE relator made complaint against her husband, Conrad Sherrer, before Andrew Walsh, a police justice of Brooklyn, under section 899, subdivision 1, of the Code of Criminal Procedure, charging him with being a disorderly person in having abandoned his wife. On the hearing it appeared in evidence that the relator had left her husband's house. She offered evidence to show that her husband had beaten her and threatened her life, and that she left him because of his abuse and threats and because she was in danger of personal violence. This evidence was objected to by the husband's counsel, on the ground that if a woman leaves her husband's house abandonment is at an end, and her reasons for leaving are irrelevant. The justice sustained the objection and dismissed the complaint.

The relator obtained a writ or *certiorari* to review this decision. At general term it was strenuously contended by counsel for defendant that the decision could only be reviewed by appeal. The opinion is as follows :

*A. H. Dailey (J. D. Bell, of counsel),* for relator.

*Fisher & Voltz (Jesse Johnson, of counsel),* for justice WALSH.

PRATT, *J.* — This is a proceeding by *certiorari* to review in this court the decision and rulings of a police justice. The decision and rulings brought to be reviewed were given upon

a trial before the justice upon a complaint made against Conrad Scherer by his wife, the relator herein, for abandonment. The justice refused to admit certain testimony offered on behalf of this relator and dismissed the complaint. The charge was made under section 899 of Code of Criminal Procedure (*subd.* 1) and the first question to be disposed of is whether the action of the magistrate can be reviewed by *certiorari*.

By section 515 of Code of Criminal Procedure writs of *certiorari* in criminal actions as they have heretofore existed are abolished and a review had by an appeal, but this action refers only to criminal actions as defined in that Code. The proceeding before the magistrate was not strictly a criminal action, but was a special proceeding of a criminal nature under part 6 of the Criminal Code, title 7. No right of appeal seems to be provided for under this part of the Criminal Code, except under title 5: "Of proceedings respecting bastards." And hence section 515 abolishing writs of *certiorari* does not apply to part 6, but the law remains as it existed before the Criminal Code.

Section 515 in plain terms refers only to a judgment or order in a criminal action and not to a special proceeding of a criminal nature. This distinction is rendered more apparent by referring to title 2, part 6 of the Criminal Code, sections 950, 951 and 952. It is clear, therefore, that no right of appeal was given by the Code to either party in this proceeding. It cannot be claimed that an appeal was authorized by section 749, which provides for appeals from judgments rendered by a court of special sessions.

It is true the defendant entitled the proceedings as in special sessions, but that did not affect the rights of the parties. The proceedings were not in a court of special sessions, but were before the defendant as police justice. There is a marked distinction between courts of special sessions and courts held by police justices under special provisions of law both in the constitution and the Code of Criminal Procedure (*People* agt. *Trumble*, 1 *Crim. Rep.*, 443). It was also held in *People* agt.

*Burleigh* (*same vol.*, 522, 523), that were authority is conferred upon a particular officer or magistrate giving to him special jurisdiction in a criminal matter with special directions as to the mode of procedure, he must be deemed to act as an officer and not as a court of special sessions. This principle is decisive in this case.

Section 399 gave special jurisdiction to a police justice with special directions as to the mode of procedure, and the justice must be deemed to have acted as an officer and not as a court of special sessions. The writ of *certiorari* is therefore a proper remedy under which to review the proceedings.

We also think the defendant erred in excluding testimony showing it was unsafe for the wife to remain in the house with the accused. There is no rule of law requiring a wife to remain under the roof of a brute, in constant danger of life and limb, under pain of starvation. It was, therefore, competent for the relator to show that she had reasonable cause to leave the house where she was in imminent danger of suffering personal violence at the hands of her husband. If this testimony had been received, the offense of which the accused was charged would have been clearly made out under the statute. This statute has been under the consideration of this court since its amendment and its provisions fully discussed (*People* agt. *Naeher*, 1 *Crim. Rep.*, 513).

The decision of the police justice must be vacated and set aside, without costs.

BARNARD, P. J., and DYKMAN, J., concur.